**FILED**
MAR 2 9 2007
MAR 29, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SANDY MONTGOMERY and HENRY MONTGOMERY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, CHICAGO POLICE SERGEANT JOHN CANNON and UNKNOWN CHICAGO POLICE OFFICERS, <br><br> Defendants. | 07CV1751 <br> JUDGE COAR <br> MAGISTRATE JUDGE BROWN <br><br> JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiffs, SANDY MONTGOMERY and HENRY MONTGOMERY, by and through their attorneys, LOEVY & LOEVY, complaining of Defendants, CITY OF CHICAGO, CHICAGO POLICE SERGEANT JOHN CANNON and UNKNOWN CHICAGO POLICE OFFICERS (collectively, "Defendant Officers"), state as follows:

#### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

#### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiffs are residents of this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving

rise to the claims asserted here all occurred within this district.

## Background

4. Plaintiffs, Sandy and Henry Montgomery, live on the Chicago's South Side with their three children.

5. On or about the evening of January 27, 2007, while away from their home, Plaintiffs received a call from their neighbor, who told them that their house was being broken into by Chicago police officers.

6. Plaintiffs immediately drove to their house, where they encountered a number of Chicago police officers, including Defendant Sergeant John Cannon, standing outside. Defendant Cannon admitted that he and other officers had entered Plaintiffs' home. The officers had no warrant permitting them entry into the house.

7. When Plaintiffs entered their home, they discovered that their front door had been broken open and damaged, and various rooms ransacked. They also discovered that $250 had been stolen from them, along with other items.

8. Henry Montgomery called the local police station and asked that a supervisor come to their home to witness the damage and theft. In response to the call, Defendant Cannon -- one of the officers who had broken into Plaintiffs' home -- returned to the scene.

9. Plaintiffs told Defendant Cannon that they wished to speak with a police supervisor who had not been involved in the incident. Defendant Cannon informed them that they could not speak with any other supervisor besides himself, and before leaving stated words to the effect of, "I will see you in court."

10. Immediately after Defendant Cannon's departure, Henry Montgomery again called the police station and asked that an uninvolved supervisor be sent to his home to make a report. However, no other officer arrived at Plaintiffs' home that evening.

11. Approximately two weeks after the incident, the City of Chicago finally agreed to fix Plaintiffs' front door. Prior to that time, the Plaintiffs were forced to barricade it with furniture to prevent them from being robbed.

12. Plaintiffs never received any of the items which were taken from their home by the Defendant Officers.

### Count I -- 42 U.S.C. § 1983
### Fourth Amendment

13. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

14. As described more fully above, Plaintiffs' home was searched and their property seized by the Defendant Officers in a manner which violated the Fourth Amendment.

15. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

16. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

    a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

17. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as emotional distress.

18. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count II -- 42 U.S.C. § 1983
### Failure to Intervene

19. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

20. Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above had they been so inclined, but failed to do so.

21. As a result of Defendant Officers' failure to intervene, Plaintiffs suffered pain and injury, as well as emotional distress.

22. Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

24. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

### COUNT III -- State Law Claim
### Conversion

25. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

26. As described more fully in the preceding paragraphs, the Defendant Officers unlawfully exercised dominion or control over Plaintiffs' property, which was not returned to Plaintiffs even after they notified Defendants of the theft.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

28. As a result of Defendant Officers' misconduct described in this Count, as well as the City's policy and

6

practice, Plaintiffs have suffered injury, including but not limited to the lost property.

29. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count IV -- State Law Claim
### Respondeat Superior

30. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

31. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

32. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT V -- State Law Claim
### Indemnification

33. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

7

WHEREFORE, Plaintiffs, SANDY AND HENRY MONTGOMERY, respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE SERGEANT JOHN CANNON and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs, SANDY AND HENRY MONTGOMERY, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ 
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Jon Rosenblatt
Samantha Liskow
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900